THIS ORDER IS APPROVED.

Dated: April 23, 2016



Brenda Moody Whinery, Bankruptcy Judge

**Davis Miles McGuire Gardner**

40 E. Rio Salado Pkwy., Suite 425
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

Pernell W. McGuire – SBN 015909
M. Preston Gardner – SBN 029868
*Attorneys for Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CURTIS E. SHELDON and TANISHA R. SHELDON,<br><br>Debtors. | In Chapter 11 Proceedings<br><br>Case No.: 4:15-bk-11675-BMW |
| CURTIS E. SHELDON and TANISHA R. SHELDON,<br><br>Movants,<br><br>vs.<br><br>DITECH FINANCIAL, LLC fka GREEN TREE SERVICING, LLC; THE BANK OF NEW YORK MELLON, fka The Bank of New York, as successor to JPMorgan Chase Bank, N.A. as Indenture Trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-4SL, Asset-Backed Securities, Series 2006-4SL; SPECIALIZED LOAN SERVICING,<br><br>Respondents. | **ORDER GRANTING MOTION TO VALUE REAL PROPERTY AND AVOIDING JUNIOR LIENS**<br><br>**Property Address:**<br><br>3144 E. Waterview Dr.<br>Chandler, AZ 85249 |

Curtis E. Sheldon and Tanisha R. Sheldon (the "Debtors") having filed a Motion to Value Real Property and to Modify Secured Claims and Avoid Junior Liens (the "Motion") regarding real property located at 3144 E. Waterview Drive, Chandler, AZ 85249 (the

1

"Property"); and the Motion establishing the Debtors' interest in the Property and respective liens of creditors in the Property as follows:

Debtors' interest in the Property is subject to the first mortgage of Ditech Financial, LLC fka Green Tree Servicing, LLC ("Ditech") in the estimated amount of $337,523.00. Ditech's first mortgage is evidenced by a Deed of Trust in favor of Best Rate Funding Corp., recorded with the Maricopa County Recorder as document no. 2005-1772570, and later transferred to Ditech based on the assignment recorded as document no. 2015-0687690 on September 24, 2015.

Debtors' interest in the Property is also subject to the second mortgage of The Bank of New York Mellon, fka The Bank of New York, as successor to JPMorgan Chase Bank, N.A. as Indenture Trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-4SL, Asset-Backed Securities, Series 2006-4SL ("NY Mellon") in the estimated amount of $88,022.00. The second mortgage of NY Mellon is evidenced by a Deed of Trust in favor of Greenlight Financial Services, Inc., recorded with the Maricopa County Recorder as document no. 2006-0206049 and later transferred to NY Mellon based on the assignment recorded as document no. 2015-0714169 on October 5, 2015.

The Property currently has a fair market value of no more than $265,700 based on a recent valuation provided by Opendoor in the form of an estimated offer. As the amount of Ditech's first position lien exceeds the value of the Property, there is not enough equity in

the Property to secure any portion of the second position lien of The Bank of New York Mellon.

THE COURT having considered the Motion, and with proper notice of the Motion upon The Bank of New York Mellon and interested parties, pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure, with no objection having been received by The Bank of New York Mellon, and good cause appearing therefor;

**IT IS HEREBY ORDERED**:

A. No equity exists in the Property for the benefit of The Bank of New York Mellon; The Bank of New York Mellon does not have a secured claim, and its lien may not be enforced, pursuant to 11 U.S.C. § 506, provided that the Chapter 11 case is completed and the Debtors receive a discharge;

B. The entire claim of The Bank of New York Mellon shall be classified as a general unsecured claim and paid as such under the Debtor's Chapter 11 Plan;

C. This Order shall become part of the Debtors' Chapter 11 Plan and incorporated into the confirmation order;

D. Upon entry of discharge in the Debtors' Chapter 11 case, The Bank of New York Mellon shall provide a release of its junior mortgage lien in the Property within thirty (30) days of the date of the discharge order;

E. In the event The Bank of New York Mellon fails to release its second mortgage lien within 30 days of the date of discharge, the Debtors may record this Order with the Maricopa County Recorder and such recording shall result in the release of The Bank of New York Mellon's lien;

F.  The Bank of New York Mellon's second-position lien shall remain in place and the full amount of the debt shall remain secured should the Debtors' case be dismissed or converted to Chapter 7.

G.  Except as provided by a separate, subsequent order of this Court, the lien of The Bank of New York Mellon may not be enforced so long as this Order remains in effect.

**DATED AND SIGNED ABOVE.**