# Davis Miles
## McGuire Gardner

40 E. Rio Salado Pkwy., Suite 425
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

Pernell W. McGuire – SBN 015909
M. Preston Gardner – SBN 029868
*Attorneys for Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| In re: | In Chapter 11 Proceedings |
|---|---|
| CURTIS E. SHELDON and TANISHA R. SHELDON, | Case No.: 4:15-bk-11675-BMW |
| Debtors. | **PLAN OF REORGANIZATION DATED NOVEMBER 16, 2016** |

Curtis E. Sheldon and Tanisha R. Sheldon, the debtors and debtors-in-Possession (the "Debtors"), submit to the Court, creditors of the Debtors' estate, and other interested parties the following Plan of Reorganization dated November 16, 2016 (the "Plan"), pursuant to § 1121(a) of the Bankruptcy Code.

I.   DEFINITIONS

1.   Defined Terms. In addition to any terms defined elsewhere in the Disclosure Statement or Plan, the following terms have the indicated meanings:

Administrative Claim: A Claim for payment of an administrative expense of a kind specified in 11 U.S.C. §§503(b) or 1114(e)(2) and entitled to priority pursuant to Code §507(a)(1), including, but not limited to, (a) the actual,

1

necessary costs and expenses, incurred after the Petition Date, of preserving the bankruptcy estate and operating the Debtor's business, (b) all Allowed Claims of Professionals appointed by the Bankruptcy Court, (c) all fees and charges assessed against the Bankruptcy Estate under 28 U.S.C. §1930, and (d) all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under Code §546(c)(2).

Allowed Claim.  A claim that (i) is liquidated and has been scheduled as undisputed, or (ii) for which a proof of claim has been filed that has not been objected to or that has been objected to but has been allowed by the Court.

Allowed Interest.  An interest that (i) has been scheduled as undisputed, or (ii) for which a proof in interest has been filed that has not been objected to or that has been objected to but has been allowed by the Court.

Allowed Priority Claim:  The Allowed Claim of a Claimant that is entitled to priority in payment under 11 U.S.C. §507(a)(2) through (a)(8).

Allowed Secured Claim:  An Allowed Claim to the extent that such Allowed Claim is secured by a lien which is unavoidable, on property in which the estate has an interest, to the extent of the value of such Creditor's interest in the estate's interest in such property as determined in light of the purpose of the valuation and of the proposed disposition and use of such property and determined as of the Petition Date.

Allowed Unsecured Claim:  An Allowed Claim to the extent that such Allowed Claim is not secured by a lien on property in which the estate has an interest.

2

**Ballot**:  Each of the ballot forms distributed with the Disclosure Statement to holders of Impaired Claims entitled to vote as specified in this Plan in connection with the solicitation of acceptances of this Plan.

**Bankruptcy Code**.  Title 11 of the United States Code.

**Bankruptcy Court**.  The United State Bankruptcy Court for the District of Arizona.

**Bankruptcy Rule**:  The Federal Rules of Bankruptcy Procedure as amended and the Local Rules of the Bankruptcy Court, as applicable to the Chapter 11 Case or proceedings therein, as the case may be.

**BAPCPA**:  Shall mean the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, as amended.

**Bar Date**:  The date, if any, designated by the Bankruptcy Court as the last date for filing Proofs of Claim or Interest against the Debtor.

**Chapter 11**:  Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §1101, _et seq_.

**Claim**:  (a) A right to payment, whether or not such right is reduced to judgment, liquidated, un-liquidated, fixed, contingent, matured, un-matured, disputed, undisputed, legal, equitable, secured or unsecured, which right arose or accrued prior to the date of Confirmation, or; (b) a right to an equitable remedy for

breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, un-matured, disputed, undisputed, secured, or unsecured, where such right arose or accrued prior to Confirmation, or; (c) a claim arising under 11 U.S.C. §502(g).

Claimant or Creditor:  Any person or entity that asserts a claim.

Class:  A category of holders of Claims or Interests as described in this Plan.

Confirmation:  The signing by the Court of the Confirmation Order.

Confirmation Date:  The date on which the Court enters the Confirmation Order.

Confirmation Hearing:  The hearing held by the Bankruptcy Court regarding confirmation of the Plan, as it may be continued from time to time.

Confirmation Order.  The order of the Court confirming the Plan.

Creditor:  Shall mean a Person that has a Claim against the Debtor that arose on or before the Petition Date or that has a Claim against the Debtor's estate of any kind specified in §§502(g), 502(h), or 502(i) of the Bankruptcy Code.

Debtors:  Curtis E. Sheldon and Tanisha R. Sheldon.

Disbursing Agent:  The Reorganized Debtor shall be the Disbursing Agent and shall make distributions to holders of Allowed Claims under the Plan.

Distribution.  The cash to be distributed under the Plan to the holder of Allowed Claims and Allowed Interests.

Disclosure Statement:  The Debtors' disclosure statement and any amendments and supplements thereto as approved by an order of the Bankruptcy Court.

Disputed Claim:  A Claim which the Debtor listed as un-liquidated, disputed or contingent in its schedules or to which an objection has been field which has not been resolved by a final order of the Bankruptcy Court.

Effective Date.  The first day of the month following at least 30 days after entry of the Confirmation Order.

Excess Cash Flow:  Cash flow of the Debtor's post-petition income after deduction from their post-petition income as set forth in their Schedule I, all expenses as set forth in their Schedule J, including all payments to administrative, priority, and secured creditors.

Final Order:  An order or judgment which has not been stayed.

Impaired:  When used with reference to a Claim or Interest, a Claim or Interest that is impaired within the meaning of Code §1124.

Insider.  Any person or entity defined as an insider in Section 101 of the Bankruptcy Code.

5

Interest:  Any equity interest in the Debtor as of the Effective Date.

Interest Holder:  Any person or persons owning an interest in the Debtor as of the Effective Date.

IRS:  The Internal Revenue Service.

New Obligations:  Those debts of the Debtor which existed prior to confirmation but which are modified by the confirmed Plan, resulting in the creation of a new obligation; these are obligations for which the Reorganized Debtor has liability under the terms of the confirmed Plan and such new obligations shall not be considered in default unless and until the Reorganized Debtor defaults after the Effective Date.

Person:  An individual, corporation, partnership, joint venture, association, joint stock company, trust, unincorporated association or organization, governmental agency, or associated political subdivision.

Petition:  The original petition under Chapter 11.

Plan.  The Debtor's Plan of Reorganization, together with any modifications thereto as may be filed by the proponent of the Plan.

Plan Account:  The FDIC insured checking/savings account opened and maintained for the purpose of holding Plan Funds pending distribution to Claimants under the terms of the Plan.

6

Proof of Claim:  The proof of claim that must be filed by a holder of an Impaired Claim by the Bar Date.

Pro-Rata:  Proportionately so that the ratio of the amount of consideration distributed on account of an Allowed Claim in a particular class to the amount of consideration distributed on all Allowed Claims in the same class, is the same as the ratio of the amount of that Allowed Claim to all Allowed Claims in the same class.

Reorganized Debtor:  The Debtors following confirmation, as reorganized by this Plan.

2.      Undefined Terms.  A term used but not defined herein, but that is defined in the Bankruptcy Code, has the meaning given to that term in the Bankruptcy Code.

II.     CLASSIFICATION OF CLAIMS AND INTERESTS

As required by §1122 of the Bankruptcy Code, the Plan divides Claims against the Debtors into classes which the Debtor believes are in compliance with the Bankruptcy Code.

A.      Priority Claims.

Class 1 claims will consist of all claims which are allowed claims pursuant to Bankruptcy Code §§ 503(b) and 507(a)(2), including, without limitation, the Allowed Claims of Debtors' professionals, any other professionals approved by the Court, any quarterly fees payable to the United States Trustee, and other claims of creditors holding Administrative Claims, including taxes.

7

Class 2 consists of the Priority Claim of the Internal Revenue Service for pre-petition taxes in the total amount of $7,791.13.

B.     <u>Secured Claims</u>.

Class 3 consists of the Secured Claim of Freedom Mortgage Corp., which is secured by a first position Deed of Trust on the Debtors' residence.

Class 4 consists of the Allowed Secured Claim of Ditech Financial, LLC fka Green Tree Servicing, LLC, which is secured by a first-position lien in the Debtors' rental property located at 3144 E. Waterview Dr., Chandler, AZ 85249.

Class 4-A consists of the Allowed Secured Claim of The Bank of New York Mellon (Specialized Loan Servicing), which is secured by a second-position lien in the Debtors' rental property located at 3144 E. Waterview Dr., Chandler, AZ 85249.

Class 5 consists of the Allowed Secured Claim of First Credit Union, which is secured by a first position lien in a 2014 Honda CRV.

Class 6 consists of the Allowed Secured Claim of Vantage West Credit Union, which is secured by a first-position lien in the 2014 Honda Accord.

C.     <u>General Unsecured Claims</u>.

Class 7 consists of the Allowed Unsecured Claims of Creditors.

D.     <u>Debtors' Interest</u>.

Class 8 consists of the Allowed Interest of the Debtors.

8

III.     <u>IMPAIRMENT OF CLASSES</u>

      Class 1 and Class 3 are unimpaired under the Plan. All other classes are impaired, as that term is defined in 11 U.S.C. §1124.

IV.     <u>TREATMENT OF CLASSES</u>

      Debtors intend to pay the Allowed Secured Claims over time, as set forth below, and pay the administrative and unsecured creditors an amount sufficient to meet the best interest of creditors test and 11 U.S.C. § 1129(a)(15).

      A.     <u>Priority Claims.</u>

      Class 1.

      *Treatment of Class 1.* Class 1 claims will consist of all allowed Administrative Claims for actual and necessary costs and expenses of administration entitled to priority under §§ 503(b) and 507(a)(2) of the Bankruptcy Code. This Class includes, without limitation, post-petition tax claims, Debtors' attorneys' fees, approved accounting fees, and fees due the United States Trustee, if any. To date the Debtors have incurred approximately $30,000 in attorneys' fees and costs and estimate that they will incur an additional $5,000-10,000 in administrative expenses before the Plan is confirmed and this case closed. The Debtors will pay the Class 1 Claims in full by making payments from excess monthly income. The holders of Allowed Class 1 Claims shall be paid in full on the Effective Date of the Plan or upon such other terms as the Debtors and the holders of Allowed Class 1 Claims agree. **Class 1 is unimpaired.**

9

Class 2.

*Treatment of Class 2*.  Class 2 consists of the Priority Claim of the Internal Revenue Service for pre-petition taxes in the total amount of $7,791.13.  Debtors will pay the Class 2 Priority Claim by making regular monthly installment payments with 3% interest until paid in full, over a period ending no later than five years following the Petition Date.  Debtors will make payments on the Class 2 Priority Claim from their excess monthly income, beginning on the Effective Date.  **Class 2 is impaired.**

B.     Secured Claims.

Class 3.

*Treatment of Class 3*.  Class 3 consists of the Secured Claim of Freedom Mortgage Corp., which is secured by a first position Deed of Trust on the Debtors' residence located at 1162 W. Fever Tree Ave., San Tan Valley, AZ 85140 (the "Homestead").  Debtors will continue to make the regularly scheduled monthly payments in accordance with the pre-bankruptcy loan documents.  To the extent the loan documents provide for default resulting from the Debtors' bankruptcy filing, such default shall not be enforceable.  Further, to the extent the loan documents contain a due on sale clause, such clause shall not be enforceable.  The Class 3 Secured Claimant shall retain a lien securing its Allowed Claim. The lien securing the Allowed Class 3 Claim shall be extinguished upon payment in full of the Allowed Class 3 Claim.  **Class 3 is impaired.**

Class 4 and Class 4-A.

10

*Treatment of Class 4.* Class 4 consists of the Allowed Secured Claim of Ditech Financial, LLC fka Green Tree Servicing, LLC ("Ditech"), which is secured by a first-position lien in the Debtors' rental property located at 3144 E. Waterview Dr., Chandler, AZ 85249. The Debtors reached a stipulated agreement with Ditech regarding treatment of its claim under the Plan. The terms of the stipulation are binding for purposes of the Plan and fully incorporated herein. The parties' stipulation provides, in part, that Ditech shall have an Allowed Secured Claim of $289,500, payable over forty (40) years with interest at the rate of 5.25%. The remaining balance of Ditech's Allowed Claim shall be treated as a General Unsecured Claim in accordance with Class 7. **Class 4 is impaired.**

*Treatment of Class 4-A.* Class 4-A consists of the Allowed Secured Claim of The Bank of New York Mellon (Specialized Loan Servicing) ("NY Mellon"), which is secured by a second-position lien in the Debtors' rental property located at 3144 E. Waterview Dr., Chandler, AZ 85249. Debtors assert that the amount owed to senior lienholders exceeds the value of the rental property, such that there is no equity to secure any portion of NY Mellon's Allowed Claim. As a result, NY Mellon has an Allowed Secured Claim of $0.00, and its entire Allowed Claim shall be treated as a General Unsecured Claim in accordance with Class 7. **Class 4-A is impaired.**

Class 5.

*Treatment of Class 5.* Class 5 consists of the Allowed Secured Claim of First Credit Union, which is secured by a first position lien in a 2014 Honda CRV. The Debtors

reached a stipulated agreement with First Credit Union regarding treatment of its claim under the Plan.  The terms of the stipulation are binding for purposes of the Plan and fully incorporated herein.  The parties' stipulation provides, in part, that First Credit Union shall have an Allowed Secured Claim of $20,629.00, payable over five (5) years with interest at the rate of 4.25%.  The remaining balance of First Credit Union's Allowed Claim shall be treated as a General Unsecured Claim in accordance with Class 7.  **Class 5 is impaired.**

Class 6.

*Treatment of Class 6.*  Class 6 consists of the Allowed Secured Claim of Vantage West Credit Union ("Vantage West"), which is secured by a first-position lien in the 2014 Honda Accord ("Accord").  The Debtors reached a stipulated agreement with Vantage West regarding treatment of its claim under the Plan.  The terms of the stipulation are binding for purposes of the Plan and fully incorporated herein.  The parties' stipulation provides, in part, that Vantage West shall have an Allowed Secured Claim of $17,735.00, payable over five (5) years with interest at the rate of 4.25%.  The remaining balance of Vantage West's Allowed Claim shall be treated as a General Unsecured Claim in accordance with Class 7.  **Class 6 is impaired.**

C.   Unsecured Claims.

Class 7.

*Treatment of Class 7.*  Class 7 consists of the Allowed Unsecured Claims of Creditors.  Debtors shall make quarterly payments of $681.00 to Class 7 Claimants on a pro-

12

rata basis, commencing in the month following payment in full of Class 2 Priority Claims.

Debtors estimate that Class 2 Priority Claims will be paid in full no later than month 36.

Debtors estimate that quarterly payments will commence around month 37 of the Plan and that

Class 7 Claimants will share distributions in the approximate amount of $5,408.00-10,408.00,

depending on the final amount of Class 1 Administrative Claim (estimated to be between

$35,000-40,000). In any event, Class 7 Claimants will share distributions of no less than

$5,408.00. **Class 7 is impaired.**

      D.    <u>Debtors' Interest</u>.

      Class 8.

      *Treatment of Class 8.* Pursuant to § 1129(a)(15) and (b)(2)(B)(ii) of the

Bankruptcy Code, the Debtors shall retain their interest in all estate property in consideration

of funding the Plan and shall receive all exempt property.

V.    <u>MEANS FOR EXECUTING THE PLAN</u>.

      Pursuant to §1123(a)(8) of the Bankruptcy Code, the Debtors' Plan provides for

payment to creditors under the Plan of all or such portion of earnings from personal services

performed by the Debtors after the commencement of the case or other future income of the

Debtors as is necessary for the execution of the Plan. The Debtors shall fund the Plan by

making monthly payments, and these amounts will be generated from the Debtors' cash on

hand, excess cash flow, or, at his option, from exempt assets or financing. The Debtors will

act as the Disbursing Agent under the Plan. The Debtors estimates that the Administrative

13

Claims will be approximately $35,000-40,000. Pursuant to the Debtors' Liquidation Analysis, fully explained in the Disclosure Statement, no funds would be available for Class 7 General Unsecured Claims upon liquidation. Nonetheless, the Debtors anticipate that, after payment in full of all senior Allowed Claims, the Class 7 Claimants will receive distributions that exceed the Liquidation Equity of $616.00.

In the event any entity which possesses an Allowed Secured Claim, or any other lien in any of the Debtors' property for which the Plan requires the execution of any documents to incorporate the terms of the Plan, fails to provide a release of its lien or execute the necessary documents to satisfy the requirements of the Plan, the Debtors may record a copy of this Plan or the Confirmation Order with the appropriate governmental agency and such recordation shall constitute the lien release and creation of any necessary new liens to satisfy the terms of the Plan. If the Debtors deem advisable, he may obtain a further Order from the Court that may be recorded in order to implement the terms of the Plan.

## VI.   EFFECT OF CONFIRMATION

Except as otherwise provided in the Plan or in the Court's Order confirming the Plan (the "Confirmation Order"), the Confirmation Order will not act as a discharge, effective as of the Effective Date, of any and all debts of the Debtors that arose at any time before the entry of the Confirmation Order, including, but not limited to, all principal and any and all interest accrued thereon, pursuant to 11 U.S.C. §1141(d)(5). The discharge of the Debtors shall be

14

effective as to each Claim, regardless of whether a Proof of Claim thereof was filed, whether the Claim is an Allowed Claim, or whether the holder thereof votes to accept the Plan.

In addition, any pre-confirmation obligations of the Debtors dealt with in this Plan shall be considered New Obligations of the Debtors, and these New Obligations shall not be considered in default unless and until the Reorganized Debtor default on the New Obligations pursuant to the terms of the Plan. The New Obligations provided for in the Plan shall be in the place of, and completely substitute, any pre-Confirmation obligations of the Debtor; and, once the Plan is confirmed, the only obligations of the Debtor shall be such New Obligations as provided for under the Plan.

## VII.   OBJECTIONS TO AND ESTIMATIONS OF CLAIMS.

A claim shall be an Allowed Claim, a Reserved-For Claim, or a Disallowed Claim, based on the following provisions:

1.      Allowed Claims.

A Claim shall be an Allowed Claim only if, and to the extent, the Claim has been Timely Submitted and is Allowable in accordance with the following:

a.      Timely Submission:  A Claim shall be considered Timely Submitted if at least one of the following applies to such Claim: (a) the Claim is listed on the Schedules, is not listed as contingent, unliquidated or disputed, and is not included within a Proof of Claim; (b) the Claim is reflected in a Proof of Claim filed by the Bar Date applicable to Claims; or (c) the Claim has been determined, by Final Order of the Bankruptcy Court, to be otherwise timely

15

submitted; to be the subject of a timely "informal proof of claim" or to be deemed timely submitted without a Proof of Claim.

2.     <u>Allowable Claims</u>.

A Claim shall be considered Allowable if at least one of the following applies to such claim: (a) the Claim is Timely Submitted and is not the subject of a Timely Objection; or (b) the Claim has been allowed, after consideration of all Timely Objections, by Final Order of the Bankruptcy Court.

3.     <u>Disallowed Claims</u>.

A Claim shall be a Disallowed Claim if the Claim was not Timely Submitted, or has been disallowed by Final Order of the Bankruptcy Court.

4.     <u>Reserved-For Claims</u>.

A Claim shall be a Reserved-For Claim if the Claim is not an Allowed Claim or a Disallowed Claim. Each Reserved-For Claim shall be considered, for purposes of establishing reserves therefor, to be in an amount equal to (i) the amount listed on the Schedules, if no Proof of Claim has been filed, or (ii) the amount listed on the Proof of Claim.

5.     <u>Aggregation of Multiple Claims</u>.

Multiple Proofs of Claim within the same Class filed by one claimant, to the extent not duplicative, shall be aggregated and shall constitute a single Allowed Claim.

\\

\\

6.   <u>Objections and Bar Date for Filing Objections</u>.

Except as provided above, an objection shall be a Timely Objection if filed with the Bankruptcy Court, and served upon the holder of such Claim pursuant to the Bankruptcy Code and Bankruptcy Rules, no later than thirty (30) days after the Effective Date.  The primary responsibility for objecting to Claims shall be with the Disbursing Agent.

7.   <u>Settlement of Claims</u>.

Settlement of any objection to a Claim shall be permitted on the twenty-first (21st) day after notice of the settlement has been provided to the Disbursing Agent, the settling party, and any other persons specifically requesting such notice, and if, on such date, there is no written objection filed, such settlement shall be deemed approved.  In the event a written objection to the settlement is timely filed, the settlement must be approved by the Bankruptcy Court on notice to the objecting party at a regularly scheduled hearing conducted pursuant to the Bankruptcy Rules.

8.   <u>Distributions on Account of Disputed Claims</u>.

No Distributions shall be made on account of Disallowed Claims or a Reserved-For Claim.

9.   <u>Effect on Distributions of Reserved-For Claims</u>.

If this Plan provides for a distribution pro rata to holders of Claims in a particular Class, when Reserved-For Claims remain in such Class, the Disbursing Agent shall calculate the

17

amount distributable to each holder of a Claim on a pro-rata basis considering Reserved-For Claims as Allowed Claims.

10.     Penalties and Fines.

Except as specifically provided by Final Order of the Bankruptcy Court, no distribution shall be made on account of any fine, penalty, exemplary or punitive damages, late charges or other monetary charge relating to or arising from any default or breach by the Debtors, and any claim on account thereof shall be treated hereunder as such and disallowed to the extent of such fine, penalty, exemplary or punitive damages, late charges or other default-related charge, wither or not an objection is filed to it.

11.     Delivery of Distributions.

Subject to Bankruptcy Rule 9010, distributions and deliveries to each holder of an Allowed Claim will be made at the address of such holder as set forth on the respective Proof of Claim (or at the last known address of such holder if no Proof of Claim is Filed or if the Debtors have been notified of a change of address) as of the last business day prior to the Effective Date. If any holder's distribution is returned as undeliverable, no further distribution to such holder will be made unless and until the Reorganized Debtor is notified of such holder's then-current address, at which time all missed distributions will be made to such holder without interest. The Debtors will be under no obligation to attempt to locate the holder of any Allowed Claim or to recognize any purported transfer or encumbrance on the rights of holders of Allowed Claims after the Confirmation Date. Amounts of undeliverable

18

distributions attempted by the Reorganized Debtor will be retained by the Reorganized Debtor until such distributions are claimed or become Unclaimed Property. All Claims for undeliverable distributions will be made on or before the first anniversary of the Effective Date. After such date, all Unclaimed Property will revert to and become the property of the Reorganized Debtor.

VIII.   EXECUTORY CONTACTS

The Debtors reject all executory contracts and unexpired leases, with the exception of the following:

| | |
|---|---|
| CenturyLink | Service Contract |
| Directv | Service Contract |
| Verizon Wireless | Cell Phone Provider |
| Timothy & Patricia Lewis | Residential Lease |

Claims for any executory contracts or unexpired leases rejected by the Debtor shall be filed no later than ten (10) days after the earlier of Confirmation or the date the executory contract or unexpired lease is specifically rejected.  Any such Claims not timely filed and served shall be disallowed.

IX.   MODIFICATION OF PLAN

In addition to the modification rights under §1127 of the Bankruptcy Code, the Debtor may amend or modify their Plan at any time prior to Confirmation without leave of the Court. Debtor or Reorganized Debtor may propose amendments and/or modifications of the Plan at

any time after Confirmation with leave of the Court and upon notice to Creditors. After Confirmation of the Plan, the Debtor or Reorganized Debtor may—with approval of the Court, as long as it does not materially or adversely affect the interests of Creditors—remedy any defect or omission or reconcile any inconsistencies in the Plan or Confirmation Order, if necessary to carry out the purposes and intent of the Plan.

X. CLOSING OF THE CASE

If the Court does not close the case on its own motion, the Reorganized Debtor will move the Court to close this case once the Plan is deemed substantially consummated. Until substantial consummation, the Reorganized Debtor will be responsible for filing pre- and post-confirmation reports required by the United States Trustee and paying the quarterly post-confirmation fees of the United State Trustee, in cash, pursuant to 28 U.S.C. §1930, as amended. Pursuant to 11 U.S.C. §1129(a)(12), all fees payable under section 1930 of title 28, as determined by the Court at the hearing on confirmation of the Plan, will be paid, in cash, on the Effective Date.

XI. RETENTION OF JURISDICTION

The Court will retain jurisdiction until the Plan has been fully consummated for, including but not limited to, the following purposes:

1. The Classification of Claims of any Creditors and the re-examination of any Claims which have been allowed for the purposes of voting, and for the determination of such objections as may be filed to the Creditor's Claims. The failure by the Debtor to object to or

20

examine any Claim for the purpose of voting shall not be deemed to be a waiver of the

Debtor's rights to object to or to re-examine the Claim in whole or in part.

2. To determine any Claims which are disputed by the Debtors.

3. To determine all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, disputes, or conflicts, whether or not subject to action pending as of the date of Confirmation, between the Debtor and any other party, including but not limited to, any rights of the Debtors to recover assets pursuant to the provisions of the Bankruptcy Code.

4. The correction of any defect, the curing of any omission, or any reconciliation of any inconsistencies in the Plan, or the Confirmation Order, as may be necessary to carry out the purposes and intent of the Plan.

5. The modification of the Plan after Confirmation, pursuant to the Bankruptcy Rules and the Bankruptcy Code.

6. To enforce and interpret the terms and conditions of the Plan.

7. The entry of an order, including injunctions, necessary to enforce the title, rights, and powers of the Debtor, and to impose such limitations, restrictions, terms, and conditions of such title, right, and power that the Court may deem necessary.

8. The entry of an order concluding and terminating this case.

\\

\\

XII.    <u>REVESTING</u>

Except as provided for in the Plan or in the Confirmation Order, on the Effective Date the Reorganized Debtor shall be vested with all the Property of the Estate free and clear of all claims, liens, charges, and other interests of Creditors, arising prior to the Effective Date. Upon the effective Date, the Reorganized Debtor shall operate his business free of any restrictions.

DATED this 16th day of November, 2016.

**DAVIS MILES MCGUIRE GARDNER, PLLC**

*/s/ M. Preston Gardner*
Pernell W. McGuire
M. Preston Gardner

*/s/ Curtis E. Sheldon*
Curtis E. Sheldon

*/s/ Tanisha R. Sheldon*
Tanisha R. Sheldon

22